UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                         Case Number 14-20542

v.                                                 Honorable David M. Lawson

CYNTHIA LONDON-CLAYTON,

        Defendant.

_____/

## **ORDER GRANTING MOTION TO MODIFY RESTITUTION ORDER**

      Defendant Cynthia London-Clayton is serving a prison sentence that also has a restitution component. She has filed a motion to suspend temporarily her "financial responsibility payments," which the Bureau of Prisons (BOP) has been deducting quarterly from her prisoner account to cover her restitution obligation. She states that the restrictions on her work assignments the BOP has imposed due to the COVID-19 pandemic have curtailed her earnings in prison so that she is unable to make payments. The government contends that the Court lacks "jurisdiction" to modify the sentence. However, the Court has the authority to "adjust the [restitution] payment schedule" after finding "a material change in the defendant's economic circumstances," under 18 U.S.C. § 3664(k). Because London-Clayton has made the required showing, the Court will grant relief.

I.

      London-Clayton pleaded guilty to charges of Hobbs Act robbery, 18 U.S.C. § 1951(a), and bank robbery, 18 U.S.C. § 2113(a). On November 9, 2015, she was sentenced to concurrent terms of 155 months in prison. The Court also included in the judgment financial penalties including a special assessment of $600 and restitution of $2,655.

      On August 6, 2020, the defendant filed a motion asking the Court to stay the collection of payments from her prisoner account under the Inmate Financial Responsibility Program (IFRP).

She asserts in her motion that prison officials at FCI Hazelton, where she presently is incarcerated, have imposed a "modified operations schedule," under which "most inmate movement has been halted." The defendant asserts that, as a result of the movement restrictions, she has been unable to participate in her previously scheduled work assignment, and, therefore, she is not receiving enough income to cover the quarterly withdrawals from her prisoner account. The defendant indicates in her motion that she submitted a request for a stay of collection withdrawals to prison authorities, but that request was denied.

The government asserts that the Court lacks jurisdiction to modify the sentence under any pertinent statute or regulation, including Criminal Rule 35(a) and 18 U.S.C. § 3582. However, the government concedes that the Court is authorized under 18 U.S.C. § 3664(k) to modify a defendant's restitution payment schedule if the defendant demonstrates a "material change" in her financial circumstances after the restitution judgment was issued. Nevertheless, the government expresses its belief that the defendant should seek relief from the Bureau of Prisons before appealing to the Court for modification of her restitution.

II.

As a general rule, a federal court may not modify a criminal sentence once it has been imposed. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). There are statutorily authorized exceptions, such as those allowing "compassionate release." *See* 18 U.S.C. § 3582(c). But that exception addresses a court's authority to "modify a term of imprisonment." *Ibid.*

However, Congress also has authorized courts to modify restitution orders after they have been imposed as part of a sentence. 18 U.S.C. § 3664(k); *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) ("Under the Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, a district court may modify a final order of restitution upon a

showing of a material change in the defendant's circumstances.") (citing 18 U.S.C. § 3664(k)). Section 3664(k) does not authorize modification of the amount of restitution, but it does permit the Court to modify any payment schedule for payment of restitution that was imposed by the Court. *Holley*, 2020 WL 2316052, at *2. Section 3664(k) "authorizes courts to 'adjust the payment schedule, or require immediate payment in full, as the interests of justice require' in the event of a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" *United States v. West*, No. 04-171, 2019 WL 3842859, at *1 (E.D. Tenn. Aug. 14, 2019) (quoting 18 U.S.C. § § 3664(k)). "Though only the payment schedule, and not the restitution amount, may be modified through this statute, this may be done at any time." *United States v. Holley*, No. 12-00065, 2019 WL 1756258, at *2 (E.D. Ky. Apr. 19, 2019), *aff'd*, No. 19-5492, 2020 WL 2316052 (6th Cir. Jan. 29, 2020).

> The judgment in this case addresses the payment of restitution as follows:
>
> Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

Judgment, ECF No. 35, PageID.157. The government concedes that the Court has authority under 18 U.S.C. § 3664(k) to modify a restitution payment schedule that was imposed by the Court. In this instance, that authorization plainly extends to deleting the requirement of payments to be made according to the schedule of the Inmate Financial Responsibility Program. As the government correctly points out, section 3664(k) does not extend any authority to modify the operation of the IFRP or its payment policies as applied to the defendant. However, it plainly does allow the Court to modify the judgment to delete any reference to the IFRP, as that amounts to an "adjust[ment of] the payment schedule."

The curtailment of the defendant's only income due to her inability to participate in work assignments, due to pandemic related movement restrictions, certainly qualifies as a material change in her financial circumstances, which post-dates the imposition of the payment schedule by the Court. The government expresses its belief that the preferable course would be for the defendant to seek the relief she desires through the BOP in the first instance. But she represents in her motion that she already did make the request to prison authorities, and it was denied.

In light of the government's essential concession that a modification is warranted and authorized, it is not clear why it has not taken action to grant that relief. Its inaction is an invitation to the Court to act in its stead, which the Court fully is authorized to do, and the government does not contest that authority. Deletion of the specification of the IFRP payment plan, which is the only remedy immediately available to the Court, appears to put the government in a weaker position with respect to any eventual recovery compared with foreclosing the need for judicial intervention by preemptively handling the request for a modification on its own initiative. But it is not for the Court to save the government from its own lethargy or lack of compassion.

III.

London-Clayton has demonstrated a material change in her economic circumstances that affects her ability to comply with the restitution payment plan during the time that the BOP has curtailed her ability to work during the novel coronavirus pandemic.

Accordingly, it is **ORDERED** that the defendant's motion to suspend financial responsibility payments (ECF No. 36) is **GRANTED**.

It is further **ORDERED** that the judgment (ECF No. 35) is **MODIFIED** as follows: all references to the Inmate Financial Responsibility Plan (IFRP) are **DELETED**.

- 5 -

It is further **ORDERED** that that the defendant is not obligated to make any payments against the judgment of restitution until an alternative payment plan is established by further order of the Court.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: September 16, 2020